UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO RODRIGUEZ,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ORANGE COUNTY PROBATION DEPARTMENT,<br><br>　　　　　　　Defendant. | Case No. 8:24-cv-00818-KK-SHK<br><br>**ORDER DISMISSING COMPLAINT** |

## I.　BACKGROUND

On April 12, 2024, Plaintiff Adolfo Rodriguez ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a Complaint ("Complaint") under 42 U.S.C. § 1983 ("§ 1983"), alleging violations of his civil rights. Electronic Case Filing Number ("ECF No.") 1, Compl.

On June 24, 2024, the Court issued an Order Dismissing Complaint with Leave to Amend ("ODLA"). ECF No. 7, ODLA. In the ODLA, Plaintiff was instructed to file a First Amended Complaint ("FAC") within twenty-one days of the date of the ODLA. Id. at 9. As such, Plaintiff had twenty-one days from June 24, 2024, until July 15, 2024, to file a FAC. Plaintiff was warned that if he "**does not timely file a FAC, the Court may recommend that this action be dismissed**

1 **with or without prejudice for failure to state a claim, failure to prosecute,**
2 **ad/or failure to obey Court orders under Federal Rule of Civil Procedure**
3 **[("Rule")] 41(b)**." Id. at 10 (emphasis in the original).
4   On August 6, 2024, the Court issued an Order to Show Cause Re: Complaint
5 ("OSC") that instructed Plaintiff to file a FAC by August 20, 2024. ECF No. 8,
6 OSC at 2. The Court, once again, cautioned Plaintiff "**that failure to file a FAC**
7 **will result in the Court recommending that this action be dismissed with or**
8 **without prejudice for failure to prosecute and timely comply with Court**
9 **orders**." Id. (emphasis in the original).
10   As of the date of this Order, Plaintiff has not filed a FAC. Additionally, it is
11 worth noting that there is no indication that Plaintiff is incarcerated or is otherwise
12 in a situation that would prohibit him from timely following this Court's orders.

## II.   DISCUSSION

14   District courts have sua sponte authority to dismiss actions for failure to
15 prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v.
16 Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v.
17 U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an
18 action under Rule 41(b) sua sponte for a plaintiff's failure to prosecute or comply
19 with the Rules or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th
20 Cir. 1992) (ordering dismissal for failure to comply with court orders).
21   In deciding whether to dismiss for failure to prosecute or comply with court
22 orders, a district court must consider five factors: "(1) the public's interest in
23 expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
24 the risk of prejudice to the defendants; (4) the public policy favoring disposition of
25 cases on their merits; and (5) the availability of less drastic sanctions." Henderson
26 v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza,
27 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson).
28 "Dismissal is appropriate 'where at least four factors support dismissal, or where at

2

least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite extensions and warnings, Plaintiff has failed to respond to multiple Court orders and has failed to file his FAC. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Here, Plaintiff has not offered any excuse for his failure to comply with the Court's orders and respond in a timely manner. This "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) repeatedly warned of the consequences of failure to do so. See ECF Nos. 7, ODLA; 8, OSC. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite repeated attempts by the Court to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents or unable to otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.").

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has repeatedly defied Court orders, the Court **DISMISSES** this case, without prejudice.

### III.   ORDER

Based on the foregoing, IT IS ORDERED THAT Judgment be entered **DISMISSING** this case without prejudice.

DATED:  August 23, 2024

HONORABLE KENLY KIYA KATO
United States District Judge

Presented by:

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

4